UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| KENNETH R. BATES, | ) | Civil Action No.: 4:17-cv-1838-RBH-TER |
|---|---|---|
| Plaintiff, | ) | |
| -vs- | ) | **ORDER** |
| SYLVIA TAWANDA VANDROFF, TRINA CLARKSON, MAROLYN D. VANDROFF, ELIZABETH KINDER, SHARDICE SHARP, BRENDA ROBINSON, KYLEE MARTIN, ANOTHER CHANCE PUBLISHING, ELI SOLUTIONS, LLC, and ANOTHER CHANCE TO BRIDGE THE GAP, | ) | |
| Defendants. | ) | |

In this action, Plaintiff, who is proceeding pro se, alleges a claim for breach of contract. He asserts that Defendants breached a contract with him by selling his personal writings without his permission and without providing him with any compensation. Presently before the court is Plaintiff's Motion to Compel (ECF No. 40), Motion to Appoint Counsel (ECF No. 42), and Motion for Summary Judgment (ECF No. 44). Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the undersigned. Defendants have not filed an answer or otherwise made an appearance in this action.[1]

Plaintiff seeks appointment of counsel, arguing that he is not in a position to properly litigate

---

[1] Plaintiff has also filed a second Motion for Summary Judgment (ECF No. 46), with respect to Defendants' failure to file an answer, which is addressed by separate Report and Recommendation.

this case due to his incarceration. For the same reasons discussed in denying Plaintiff's previous motion to appoint counsel, there is no right to appointed counsel here. While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); Smith v. Blackledge, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff in his motion has not shown that any exceptional circumstances exist in this case. After a review of the file, this court has determined that there are no exceptional or unusual circumstances presented which would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984). Therefore, Plaintiff's motion is denied.

In his Motion to Compel, Plaintiff asserts that he served discovery requests on Defendants at the same address they were served with process, but the requests were returned to him with a notation that Defendants were no longer at that address. As discussed in more detail in the accompanying Report and Recommendation, none of the Defendants has filed an answer in this case. Plaintiff's discovery requests were premature, as Defendants have not yet filed an answer, and no scheduling order has been entered. Thus, this motion is denied at this time.

Plaintiff's first Motion for Summary Judgment is not a true summary judgment motion pursuant to Federal Rule of Civil Procedure 56, but are more appropriately addressed under Federal Rules of Civil Procedure 37. Rule 37 allows for sanctions, including judgment by default, for a parties' failure to comply with the discovery process. However, such a harsh sanction is appropriate only following a party's failure to comply with a court order regarding discovery. In the present case, the court has not entered an order directing discovery. Thus, Plaintiff's first Motion for Summary Judgment is construed as a Motion for Sanctions under Rule 37 and be denied.

For the reasons discussed above, Plaintiff's Motion to Compel (ECF No. 40) is **DENIED**, Motion to Appoint Counsel (ECF No. 42) is **DENIED**, and Motion for Summary Judgment (ECF No. 44) is construed as a Motion for Sanctions under Rule 37 and is **DENIED**.

**IT IS SO ORDERED.**

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 29, 2019
Florence, South Carolina