UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Kenneth Ray Bates, | ) | Civil Action No.: 4:17-cv-01838-RBH-TER |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Sylvia Tawanda Vandroff, Trina Clarkson, Marolyn D. Vandroff, Elizabeth Kinder, Shardice Sharp, Brenda Robinson, Kylee Martin, Another Chance Publishing, ELI Solutions, LLC, and Another Chance to Bridge the Gap, | ) | |
| Defendants. | ) | |

This matter is before the Court for review of two separate Reports and Recommendations ("R & Rs") entered by United States Magistrate Judge Thomas E. Rogers, III.[1] *See* ECF Nos. 52 & 63. Plaintiff has filed objections to the second R & R. *See* ECF No. 70.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] The Magistrate Judge issued the R & Rs in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), and he granted Plaintiff (a federal prisoner) leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. *See* ECF No. 16. The Court is mindful of its duty to liberally construe the filings of pro se litigants such as Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**Discussion**[2]

Plaintiff Kenneth Ray Bates, proceeding pro se and in forma pauperis, filed this breach of contract action against ten defendants relating to the allegedly unauthorized publication and sale of his book *Law of Necessity vs. Criminal Mind of Society*.[3] The Magistrate Judge has entered two R & Rs, which the Court will address in turn.

**I.     First R & R** (ECF No. 52)

In the first R & R, the Magistrate Judge recommends construing Plaintiff's second motion for summary judgment (ECF No. 46) as a motion for default judgment and denying it, but also entering a

---

[2]     The R & Rs thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards.

[3]     Plaintiff is currently incarcerated at USP-Hazelton in West Virginia. Liberally construing the allegations in Plaintiff's pro se complaint and attached exhibits (in particular, the book), it appears that he was domiciled in Ohio prior to his federal incarceration and that the amount in controversy exceeds $75,000. *See Roberts v. Morchower*, 956 F.2d 1163, 1992 WL 42885, at *1 (4th Cir. 1992) (unpublished table decision) ("For diversity jurisdiction purposes, a prisoner's domicile is presumed to be where he was domiciled prior to incarceration." (citing *Polakoff v. Henderson*, 370 F. Supp. 690, 693 (N.D. Ga. 1973), *aff'd*, 488 F.2d 977 (5th Cir. 1974))); *see also Anthony v. United States*, 264 F. Supp. 2d 596, 598 (N.D. Ohio 2003) (summarizing the facts of Plaintiff's criminal case involving a bank robbery in Lima, Ohio). Plaintiff further alleges Defendants are individuals and business entities all located in South Carolina. Thus, it appears the Court has diversity jurisdiction over this breach of contract action pursuant to 28 U.S.C. § 1332.

default against Defendant Marolyn D. Vandroff pursuant to Fed. R. Civ. P. 55(a).[4] *See* ECF No. 52. Plaintiff has not filed objections to the first R & R, and discerning no clear error, the Court will adopt it. *See generally Diamond & Camby*, *supra* (indicating a court need only review the record for clear error in the absence of a specific objection and need not explain its reasons for adopting an R & R).

**II.     Second R & R** (ECF No. 63)

In the second R & R, the Magistrate Judge recommends (1) denying Plaintiff's motion for default judgment (ECF No. 57) because he has not presented evidence supporting an award of $232,390 in damages,[5] and (2) dismissing six defendants—**Elizabeth Kinder, Brenda Robinson, Trina Clarkson, Shardice Sharp, Kylee Martin, and Another Chance Publishing**—without prejudice for failure to timely serve pursuant to Fed. R. Civ. P. 4(m).[6] *See* ECF No. 63. Plaintiff specifically objects to the Magistrate Judge's second recommendation regarding the Rule 4(m) dismissal of the six defendants.[7,8] *See* ECF No. 70.

---

[4] Rule 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). As the first R & R indicates, a United States deputy marshal served Defendant Marolyn D. Vandroff pursuant to Fed. R. Civ. P. 4(c)(3) because of Plaintiff's in forma pauperis status, and the marshal filed an executed summons confirming service occurred on October 10, 2017. *See* ECF No. 35. As of now, Defendant Marolyn D. Vandroff is the only defendant who has been properly served.

[5] The Magistrate Judge also notes Plaintiff's motion for default judgment is lacking in other areas, such as Plaintiff's failure to specifically mention Defendant Marolyn Vandroff in the motion. *See* ECF No. 63 at p. 5 n.3.

[6] At the same time he entered the second R & R, the Magistrate Judge entered a separate order authorizing service of process on Defendants Sylvia Tawanda Vandroff, Another Chance to Bridge the Gap, LLC, and ELI Solutions. *See* ECF No. 64.

[7] Plaintiff does not specifically object to the Magistrate Judge's first recommendation regarding denying his motion for default judgment. The Court discerns no clear error and will therefore adopt this recommendation. *See Diamond & Camby*, *supra*.

[8] In his objections, Plaintiff also requests the appointment of counsel. *See* ECF No. 70 at p. 4. Although the Court can request an attorney to represent a party proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(e)(1), "[i]t is well settled that in civil actions the appointment of counsel should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). This is not an exceptional case warranting appointment of

Regarding Defendants **Elizabeth Kinder**, **Brenda Robinson**, **and Another Chance Publishing**, the Magistrate Judge correctly observes that Plaintiff failed to provide properly completed service documents for these three defendants despite the Magistrate Judge's prior order giving him twenty-one days to do so. *See* ECF No. 53 (order dated Jan. 29, 2019).

Regarding Defendants **Trina Clarkson**, **Shardice Sharp**, and **Kylee Martin**, the Magistrate Judge notes that Plaintiff has provided service documents for these three defendants listing the following address for service: "*Sylvia Tawanda Vandroff* 6914 E. Highway 76 Mullins, S.C. 29574-601." *See* ECF No. 58 (emphasis added) (court-only entry containing Plaintiff's proposed service documents/Forms USM-285). Similarly, in previous service documents, Plaintiff had listed *"C/O Marolyn D. Vandrof*, 6914 E. Highway 76, Mullins, SC 29574-601." *See* ECF Nos. 13 & 25-1 (emphasis added) (court-only entries containing Plaintiff's proposed service documents/Forms USM-285). However, as the Magistrate Judge explains, Plaintiff has not shown that Sylvia Tawanda Vandroff or Marolyn Vandroff (who are other defendants in this action) are authorized to accept service on behalf of the *individuals* Trina Clarkson, Shardice Sharp, or Kylee Martin. *See* Fed. R. Civ. P. 4(e) (governing service of individuals within a U.S. judicial district). Thus, the address provided in Plaintiff's proposed service documents does not allow the U.S. deputy marshal to *properly* effectuate service on Trina Clarkson, Shardice Sharp, or Kylee Martin.

In sum, Plaintiff (1) has failed to provide properly completed service documents for Defendants **Elizabeth Kinder**, **Brenda Robinson**, **and Another Chance Publishing** and (2) has not established that Defendants **Trina Clarkson**, **Shardice Sharp**, and **Kylee Martin**—who are individuals—can be

---

counsel, as the Magistrate Judge has previously ruled (and Plaintiff did not timely object to those prior rulings). *See* ECF Nos. 8, 9, 16, 17, & 50.

served through other persons (such as Defendants Sylvia Tawanda Vandroff or Marolyn Vandroff). Accordingly, the Court will adopt the second R & R and dismiss these six defendants without prejudice pursuant to Fed. R. Civ. P. 4(m).

## **Conclusion**

For the foregoing reasons, the Court:

(1) **ADOPTS** the Magistrate Judge's first R & R [ECF No. 52], **DENIES** Plaintiff's second motion for summary judgment [ECF No. 46], and **DIRECTS** the Clerk to enter a default against Defendant Marolyn D. Vandroff pursuant to Fed. R. Civ. P. 55(a); and

(2) **ADOPTS** the Magistrate Judge's second R & R [ECF No. 63], **DENIES** Plaintiff's motion for default judgment [ECF No. 57], and **DISMISSES** Defendants Elizabeth Kinder, Brenda Robinson, Trina Clarkson, Shardice Sharp, Kylee Martin, and Another Chance Publishing *without prejudice* pursuant to Fed. R. Civ. P. 4(m).[9]

**IT IS SO ORDERED.**

Florence, South Carolina  
April 23, 2019

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[9] To clarify the status of this case, the Court notes four defendants remain: Marolyn D. Vandroff, Sylvia Tawanda Vandroff, Another Chance to Bridge the Gap, LLC, and ELI Solutions. As indicated above, Marolyn D. Vandroff is in default and service of process has been authorized for Sylvia Tawanda Vandroff, Another Chance to Bridge the Gap, LLC, and ELI Solutions.