UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| KENNETH RAY BATES, | Civil Action No.: 4:17-cv-1838-SAL-TER |
| Plaintiff, | |
| -vs- | |
| | **ORDER** |
| SYLVIA TAWANDA VANDROFF, TRINA CLARKSON, MAROLYN D. VANDROFF, ELIZABETH KINDER, SHARDICE SHARP, BRENDA ROBINSON, KYLEE MARTIN, ANOTHER CHANCE PUBLISHING, ELI SOLUTIONS, LLC, and ANOTHER CHANCE TO BRIDGE THE GAP, | |
| Defendants. | |

## I. INTRODUCTION

In this action, Plaintiff, who is proceeding pro se, alleges a claim for breach of contract. He asserts that Defendants breached a contract with him by selling his personal writings without his permission and without providing him with any compensation. Presently before the Court is Plaintiff's Motion for Default Judgment (ECF No. 98) as to Defendants Sylvia Tawanda Vandroff and ELI Solutions, LLC.[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC.

## II. PROCEDURAL HISTORY

The procedural history of this case from the time it was filed until March of 2019 is set forth

---

[1] An entry of default has already been made as to Defendant Marolyn D. Vandroff. See ECF Nos. 72-73. Defendants Kinder, Robinson, Clarkson, Sharp, Martin, and Another Chance Publishing have been dismissed without prejudice pursuant to Fed.R.Civ.P. 4(m). See ECF No. 72.

in the undersigned's previous Report and Recommendation (ECF No. 63). As stated above in footnote 1, An entry of default has been made as to Defendant Marolyn D. Vandroff, and Defendants Kinder, Robinson, Clarkson, Sharp, Martin, and Another Chance Publishing have been dismissed without prejudice pursuant to Fed.R.Civ.P. 4(m). Defendants Sylvia Vandroff and ELI Solutions, LLC were served on May 3, 2019. Summonses Returned Executed (ECF Nos. 77-78). On May 28, 2019, an Answer (ECF No. 79) was filed pro se by Sylvia Vandroff on behalf of herself and ELI Solutions, LLC. The court entered an Order (ECF No. 82) notifying Defendants that ELI Solutions, LLC could not appear pro se and must retain counsel to proceed. The court directed Defendant ELI Solutions, LLC to obtain counsel and file a notice of appearance within thirty days. ELI Solutions, LLC failed to retain counsel and the court entered a second Order (ECF No. 94) striking the answer as to it. The order noted that "the answer continues to be a filing on behalf of Sylvia Tawanda Vandroff." Id.

## III. DISCUSSION

In his motion, Plaintiff argues that default judgment is appropriate as to both ELI Solutions, LLC and Sylvia Vandroff because Vandroff failed to abide by the court's order to retain counsel for ELI Solutions, LLC. However, a determination of damages is not appropriate at this time as Plaintiff did not submit with this motion any evidence to support a claim for damages. Therefore, the court will treat Plaintiff's motion as one for a request for entry of default against ELI Solutions, LLC, and Sylvia Vandroff.

> It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities. Thus, ... the lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow

corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.

Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201–02 (1993) (internal citations omitted). Likewise, limited liability companies cannot proceed pro se in federal court. In re Under Seal, 749 F.3d 276, 290 n.17 (4th Cir. 2014); see also Local Civ. Rule 83.I.07(B) (D.S.C.) (providing that legal entities "may not proceed without counsel"). Because ELI Solutions, LLC has not retained counsel and the answer filed on its behalf has been stricken, an entry of default is appropriate as to ELI Solutions, LLC. See, e,g,, Belk v. Rock Haven Community Care Home, Inc., No. 3:07-54-CMC-BM, 2007 WL 2152902, *2 (D.S.C. July 25, 2007) (granting default against corporate defendant in spite of pro se answer to complaint after the defendant failed to obtain counsel upon direction by the court to do so).

There is no restriction against Sylvia Vandroff representing herself in this action, and, as set forth above, she timely filed an answer. Plaintiff appears to seek default judgment against her as a sanction for failure to abide by the court's order directing ELI Solutions, LLC to retain counsel. However, Plaintiff has failed to show that Sylvia Vandroff, in her individual capacity, should be liable for ELI Solutions, LLC's actions or inactions. Therefore, Plaintiff's motion should be denied as to Sylvia Vandroff.

### III. CONCLUSION

For the reasons discussed above, the court will construe Plaintiff's Motion for Default Judgment (ECF No. 98) as a Motion for Entry of Default, which is **GRANTED** as to Defendant ELI Solutions, LLC and **DENIED** as to Defendant Sylvia Vandroff. Also pending is Plaintiff's Motion for Summary Judgment (ECF No. 100) in which he seeks a determination of liability and damages.

**Plaintiff shall have fifteen (15) days from the date of this Order to provide any and all supplemental briefing and/or additional evidence in support of his Motion for Summary Judgment. Thereafter, Defendant Sylvia Vandroff shall have thirty-four (34) days to file a response to Plaintiff's Motion.**

      **IT IS SO ORDERED.**

                                            s/Thomas E. Rogers, III
                                            Thomas E. Rogers, III
                                            United States Magistrate Judge

January 7, 2020
Florence, South Carolina